**In the Matter of the WELFARE OF S.N.T.R.**

**Nos. CO–86–979, CX–86–1248.**

Court of Appeals of Minnesota.

April 7, 1987.

Robert A. Nicklaus, Nicklaus & Fahey, Chaska, for appellant C.R.

Hubert H. Humphrey, III, Atty. Gen., Peggy L. Bunch, Sp. Asst. Atty. Gen., St. Paul, for respondent Scott County Human Services.

Wright S. Walling, Wright S. Walling & Associates, Minneapolis, for minor child and guardian ad litem.

Heard, considered and decided by POPOVICH, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

These consolidated appeals are from an order denying a motion for a new trial following an adjudication of neglect and dependency and from the subsequent disposition order. Appellant mother challenges the court's jurisdiction and the sufficiency of evidence supporting the eventual findings of neglect and dependency. She also argues that the dispositional order violates her constitutional rights. Because we agree that the court lacked jurisdiction over the matter, we conclude that the findings of neglect and dependency must be vacated and the petition dismissed.

## FACTS

S.N.T.R., who was born in 1975, was adopted when she was one and one-half years old by appellant C.R. and R.R., her husband.[1] Appellant is the sister of S.N.T.R.'s natural mother.

In 1983, R.R. was arrested and charged with sexually abusing another minor. S.N.

---

1. R.R. has stipulated to S.N.T.R.'s dependency and is not a party to this appeal.

T.R. was also questioned at that time regarding possible sexual abuse by her father. Following an interview on March 22, 1984, S.N.T.R. was removed from her home and placed in foster care. Four days later a petition was filed by respondent Scott County Human Services (County) alleging that S.N.T.R. is neglected within the meaning of Minn.Stat. § 260.015(10)(b) (1982), in that she is without proper parental care because of the faults or habits of her parents. The petition stated that S.N.T.R. had been sexually abused by both of her parents and that immediate custody was necessary. A criminal complaint was subsequently issued against appellant alleging several counts of criminal sexual conduct, some involving S.N.T.R.[2]

Following a placement hearing at which appellant entered a denial and demanded that an adjudicatory hearing be timely scheduled, the court ordered that S.N.T.R. remain in foster care placement. Trial was held during the summer of 1984. On September 24, the court found that S.N.T.R. had been sexually abused, that appellant "refuses to acknowledge the possibility that [S.N.T.R.] has been abused by anyone and assert[s] that if [S.N.T.R.] says she was abused [then] she is lying," and that S.N.T.R. was a neglected child. Adjudication was withheld for 90 days.

On October 10, S.N.T.R. recanted her testimony. That same day, all criminal charges against both appellant and R.R. were dismissed. Appellant thereafter moved to dismiss the petition and release S.N.T.R.

At a hearing on November 1, the court granted the County's oral motion to amend the neglect petition to include an allegation of dependency under Minn.Stat. § 260.015 because S.N.T.R. is a child with "special needs that cannot or will not be met by her parents." Appellant's attorney objected and requested that the petition be dismissed because the County failed to provide any evidence as to the nature of S.N.T.

R.'s special needs. He also requested that S.N.T.R. be returned to her mother's custody, a request which the court rejected:

[E]ven if I were to grant your motion I would not grant immediate return. The family obviously is disturbed whether by sexual abuse or separation by whatever cause, whoever's fault it may be, it would seem to me that the child would probably require some gradual working back into the home environment and some continued assistance perhaps not with the people she is involved with at this time, but it is perfectly obvious that the child either lied then or now and there are problems that they would have to deal with.

Following a second recantation by S.N.T.R., the trial court *sua sponte* issued an order vacating the September 24 findings and granting a new trial. In a memorandum attached to this order, the court noted that "[w]ithout [S.N.T.R.'s] testimony and her prior out-of-court statements the [September 24] findings of the Court cannot stand."

On December 3, 1984 and again on April 22, 1985, appellant moved for various relief, including dismissal of the petition and release of S.N.T.R. In the April motion, she alternatively requested that the new trial be held as soon as possible as required by Minn.R.Juv.P. 59.02, subd. 3. At that hearing, appellant's attorney noted that an amended petition had not yet been filed, that there had been no detention hearing to redetermine whether probable cause existed for continued custody under the amended petition, and that there had been no placement hearing. On May 23, the County finally filed an amended petition, but failed to serve it upon appellant. The petition realleged facts contained in the original neglect petition and alleged additional facts based on an April 1985 report submitted by S.N.T.R.'s new therapists.

---

2. Although not part of the record here, the criminal complaint against appellant was clearly relevant to these proceedings. These criminal charges were mentioned by the court in a memorandum accompanying a June 6, 1984 Order denying one of appellant's many motions to dismiss the petition and in the September 24, 1984 findings following the first trial.

For no apparent reason, appellant's motion was not addressed until October 4, 1985, when the court issued an order denying her requests and continuing foster placement of S.N.T.R. pending trial. A second trial was finally held on the amended petition in late March and early April 1986. Appellant appeared "specially," contesting the jurisdiction of the court and renewing many of her previous motions. The court found that S.N.T.R. is a child with special needs, that appellant is either unwilling or unable to meet those needs, and that S.N.T.R. is dependent under Minn. Stat. § 260.015, subd. 6(b) (1984) and neglected under Minn.Stat. § 260.015, subd. 10(d) (1984).

These appeals followed from the order denying appellant's motion for a new trial and from the disposition order.

### ISSUE

Did the trial court lose jurisdiction over this matter due to irregularities in the proceedings in violation of statutes and rules?

### ANALYSIS

Child protection matters demand quick resolution, particularly where a child is placed outside the home pending disposition of the matter. Minn.Stat. § 260.011, subd. 2 provides:

> The purpose of the laws relating to juvenile courts is to secure for each child alleged or adjudicated neglected or dependent and under the jurisdiction of the court, the care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the child and the best interests of the state; to preserve and strengthen the child's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety cannot be adequately safeguarded without removal; and, when the child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents.
>
> \*   \*   \*   \*   \*   \*

> The laws relating to juvenile courts shall be liberally construed to carry out these purposes.

Minn.Stat. § 260.011, subd. 2 (1984). These purposes cannot be achieved unless the parties are given certain procedural safeguards, including the right to a speedy trial. J. Songsteng & R. Scott, 13 *Minnesota Practice*, at 155–56 (1985).

Initially, the procedures outlined in the statutes and in the Minnesota Rules of Procedure for Juvenile Courts were followed in this case. *See, e.g.,* Minn.R.Juv.P. 52.04 and Minn.Stat. § 260.171, subd. 2 (1984) (right to a hearing within 72 hours to determine if probable cause justifies separation); Minn.R.Juv.P. 59.02 (right to trial on allegations of neglect or dependency within 90 days of denial of those allegations). Upon oral amendment of the petition and the trial court's vacation of its September 24 findings, however, the procedures set out in the statutes and rules were not followed in at least three respects.

### 1. *Oral amendment of the petition*

█ A juvenile petition may be amended by order of the court at any time and "shall be freely permitted in the interest of justice and the welfare of the child." Minn.R. Juv.P. 53.04. In this case, however, the County did not file an amended petition for approximately eight months, jeopardizing the rights of both appellant and S.N.T.R. Although appellant was present at the November hearing and had actual notice of the amendment, she was not apprised of the facts supporting the allegation of dependency. When the amended petition was finally drafted and filed, it contained facts from an April 1985 report prepared by S.N.T.R.'s new therapists, facts that did not exist at the time the petition was amended in November 1984. Appellant's repeated requests to release S.N.T.R. should have been granted. *See* Minn.Stat. § 260.171, subd. 1 (no child shall be held unless a petition has been filed and a detention hearing is held).

### 2. *Basis for continued custody of S.N.*
### *T.R.*

 Following vacation of the September 24 findings, the County asserts that S.N.T.R. remained in foster care pending trial under the terms of the March 1984 order for continued custody and under Minn.Stat. § 260.171, subd. 2. S.N.T.R. was removed from her home in March 1984 under Minn.Stat. § 260.165, subd. 1(c)(2), which provides that a child may be taken into immediate custody by a peace officer who is acting with a reasonable belief that the child's health or welfare is endangered. Her custody was continued after the County filed the original petition, which showed probable cause as required by Minn.R. Juv.P. 53.03.

Given S.N.T.R.'s recantations and dismissal of the criminal charges against her parents, the allegations in the original petition no longer established probable cause to believe that her release would endanger her health or welfare. At the very least, a hearing should have been held at that time to determine the appropriateness of continuing S.N.T.R. in foster care. Failure to hold such a hearing and make the necessary findings mandates release of S.N.T.R. *See* Minn.R.Juv.P. 52.02, subd. 2 (requires release if placement hearing under rule 52.04 is not timely held); Minn.R.Juv.P. 52.04, subd. 6 (requires findings for continued placement); Minn.R.Juv.P. 52.05 (requires release after placement hearing if court does not make required findings).

Moreover, a formal review of S.N.T.R.'s custody was not held even though requested by appellant. Under Minn.R.Juv.P. 52.-07, subd. 2, a formal review must be held if the court finds a substantial basis for the request. *See also* Minn.Stat. § 260.172, subd. 4. Although courts are given some discretion in determining whether such a review should be held, the facts of this case created a reasonable likelihood that the court's prior placement order was no longer valid when based on stale information. Failure to reexamine the basis for continuing custody of S.N.T.R. under these circumstances was an abuse of discretion.

### 3. *Timing of new trial*

 Even if we assume that the court's grant of a new trial was within its inherent power and appropriate under Minn.R.Juv.P. 60.04 and Minn.Stat. § 260.281 (1984), the rules require that a new trial shall be held within 60 days. Minn.R.Juv.P. 59.02, subd. 3. This time limitation insures that reunification, if possible, will be quickly achieved and that any detrimental impact upon a family will be minimized.

Although a new trial was granted in this case in November 1984, it was not held until April 1986. No continuances were granted and appellant never waived the time limitations of the rules. Minn.R. Juv.P. 59.02, subd. 2 provides the sanction for failure to timely hold a trial:

> Subd. 2. **Dismissal.** If the trial has not commenced within the time set forth above or a continuance has not been granted, the petition shall be dismissed unless good cause is shown why the matter has not been brought to trial within the required time.

*Id.* No attempt has been made in this case to establish good cause. Given the lack of any explanation and the lengthy delay in this case, we believe that the petition should have been dismissed.

We need not address other issues raised by appellant. It is quite possible that S.N. T.R. is a dependent child because of appellant's unwillingness or inability to recognize her special needs. We recognize that release of S.N.T.R. after almost three years of foster care will cause problems and may not be in her best interests at this time. Dismissal of this amended petition is without prejudice; the County is not precluded from filing another petition if warranted by the current circumstances.

### DECISION

Findings of neglect and dependency vacated and petition dismissed.